IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-10353

RANDALL LING

Plaintiff–Appellee

v.

DEMARCUS L BANDA, in his official and individual capacities; WILLIAM L
MOTT, in his official and individual capacities

Defendants–Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1754

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Officers Demarcus L. Banda and William L. Mott ("Appellants") seek a reversal of the district court's denial of their summary judgment motions for qualified and official immunity. Because we find that Appellants' arguments in this interlocutory appeal effectively constitute challenges to the factual sufficiency of the evidence and do not present legal issues, we dismiss for want of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

On the night of September 6, 2003, Glen L. Shaw, an officer with the Garland Police Department, observed Randall Ling speeding on his motorcycle and signaled for him to pull over. Ling instead led Shaw on a seven-minute high-speed pursuit. Officers Mott and Banda were dispatched to assist and joined the pursuit.

Eventually, Ling ended the chase by pulling over to the side of the road and turning off his motorcycle. Despite the fact that Ling thereupon raised his hands to surrender, Shaw tackled Ling to the ground and physically attacked him. Shaw allegedly grabbed Ling's helmet and struck Ling repeatedly in the face through the opening on the front of the helmet. One of the blows caused a wound above Ling's left eye that eventually sent Ling to the hospital and required six stitches.[1]

Shortly after Shaw tackled Ling, Banda and Mott arrived on the scene to assist Shaw. When Banda arrived, he sat on Ling's lower back while Ling was face down. Banda yelled several times for Ling to give him his hands. Ling asserts that he did not resist arrest in any way during this time period and was simply laying helpless on his stomach with his hands trapped beneath him. According to Ling, he did not know that Banda and Mott were trying to get his hands until "the very, very, very end," and that he stated "I can't. I can't" in response to Banda's requests for his hands. Despite his submission, Ling alleges that he felt other areas of his body being punched and kicked while Shaw was assaulting his head and upper body. According to Ling, although he did not see Banda or Mott physically strike him, given "the relative positions of Shaw, Ling, Banda and Mott, only Mott or Banda could have administered these blows."

---

[1] It is undisputed that Shaw delivered this blow before Banda and Mott arrived on the scene.

After approximately thirty seconds, the officers handcuffed Ling and placed him under arrest.

On September 19, 2003, Ling filed an internal affairs complaint against Shaw, Banda, and Mott, which resulted in the suspension of Shaw for fifteen days without pay. On November 18, 2003, the Texas Rangers began an investigation of the incident. Following that investigation, Shaw was charged with assault, pleaded guilty, and was fired. Banda and Mott were also fired after they made inconsistent statements during the internal investigation. Mott, however, was later reinstated after appealing his termination.

Ling thereafter brought suit against Shaw, Banda, Mott, the City of Garland, and the Chief of Police Mitch Bates, asserting causes of action for violation of constitutional rights, § 1983 claims against the individual Defendants, and state law claims of assault, battery, intentional infliction of emotional distress, and negligence. Pursuant to motions to dismiss, the district court dismissed several of Ling's causes of action; thus, with respect to Banda and Mott, only Ling's § 1983 claims and his state law claims for intentional infliction of emotional distress and negligence remained.[2] Banda and Mott thereafter filed motions for summary judgment on these remaining claims, asserting that qualified immunity barred Ling's § 1983 claims and the state doctrine of official immunity barred Ling's state law claims. The district court denied Banda's and Mott's motions for summary judgment on all claims except Ling's § 1983 claim for failure to disclose. Banda and Mott now appeal.

## II. DISCUSSION

Although a district court's denial of a defendant's motion for summary judgment "is ordinarily not immediately appealable, . . . the denial of a motion

---

[2] The § 1983 claims against Banda and Mott consisted of: (1) an excessive force claim; (2) a failure to intervene claim for Banda's and Mott's failure to intervene and stop Shaw's attack; and (3) a failure to disclose claim for Banda's and Mott's alleged attempt to "cover-up" the incident by lying about seeing Shaw strike Ling.

for summary judgment based upon qualified immunity is a collateral order capable of immediate review." Kinney v. Weaver, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). Our jurisdiction on appeal, however, is "significantly limited" and "extends to such appeals only 'to the extent that [the denial of summary judgment] turns on an issue of law.'" Id. (quoting Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)) (alteration in original). Thus, on appeal, this Court has jurisdiction to review "the purely legal question whether a given course of conduct would be objectively unreasonable in light of clearly established law." Id. at 347. However, "[w]here the district court has denied summary judgment on the ground that material issues of fact exist as to the plaintiff's claims, this court lacks jurisdiction to review the court's determination that a genuine fact issue exists." Freeman v. Gore, 483 F.3d 404, 410 (5th Cir. 2007). In other words, "we cannot challenge the district court's assessments regarding the sufficiency of the evidence–that is, the question whether there is enough evidence in the record for a jury to conclude that certain facts are true." Kinney, 367 F.3d at 347. Thus, where a defendant appeals the denial of its motion for summary judgment on the basis of qualified immunity, "the public official must be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the appeal." Gonzales v. Dallas County, 249 F.3d 406, 411 (5th Cir. 2001).

Although Appellants purport to assert legal issues in this appeal, Appellants' arguments are in essence challenges to the factual sufficiency of the evidence, and we, therefore, lack jurisdiction to consider this appeal. Appellants do not "concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the appeal." Id. Instead, Appellants essentially assert that their conduct was objectively reasonable under their version of the facts. Appellants do not concede that Ling was helpless and not resisting arrest, nor do they concede that the alleged force used by them against Ling consisted of

kicks and punches to the lower portion of Ling's body. Rather, Appellants' claims rely on their assertions that Ling "was refusing to surrender his hands" and the force they used against Ling was "little more than kneeing a suspect in the back to get him to the ground to effect arrest." If Ling was in fact helpless and obviously not resisting arrest–as Ling asserts–Ling could not have constituted any real or perceived threat that would have justified Banda's and Mott's alleged kicks and punches to Ling's lower body or their failure to intervene and stop Shaw's attack. This is clearly true even though Ling failed to produce his hands from underneath him in response to Banda's repeated orders.[3] Thus, Appellants' arguments that their actions were objectively reasonable depend on the version of the facts the jury ultimately believes. Accordingly, as the district court found, there is a material fact issue, which precludes our jurisdiction.

Appellants' appeal of the district court's denial of summary judgment on the basis of official immunity fails for the same reason. Texas' law of official immunity "is substantially the same as federal immunity law," Cantu v. Rocha, 77 F.3d 795, 808 (5th Cir. 1996), and "[t]his court has held that orders denying official immunity under Texas law are immediately appealable to the same extent as denials of qualified immunity under federal law." Kinney, 367 F.3d at 346 n.7. Because Appellants' arguments regarding official immunity are the same as its arguments regarding qualified immunity, we lack jurisdiction to consider Appellants' claims of official immunity.[4]

---

[3] For this reason, even if Appellants had accepted Ling's version of the facts as true on appeal, legal arguments regarding the objective reasonableness of Banda's and Mott's conduct would have certainly failed.

[4] Appellants do raise, for the first time on appeal, the legal argument that they are entitled to official immunity on Ling's claim that their alleged "cover-up" of the incident constituted intentional infliction of emotional distress. Banda and Mott assert that such a "cover-up" cannot constitute intentional infliction of emotional distress under Texas law. Although such an argument would ordinarily be reviewable, see Cantu, 77 F.3d at 810, neither

## III. CONCLUSION

For the foregoing reasons, this appeal is DISMISSED FOR WANT OF JURISDICTION.

---

Banda nor Mott presented this argument to the district court as a basis for official immunity, and, thus, this argument is waived. Lemaire v. La. Dept. of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").